UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DOUGLAS TUTTON, | 1:11-cv-00863-LJO-SKO  (HC) |
| Petitioner, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| GARY SWARTHOUT, | (DOCUMENT #22) |
| Respondent. | |
| _____/ | |

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner seeks counsel because he has been transferred to the California Medical Facility after having been in a coma for several months and because he suffers unspecified lost memory and comprehension at age sixty-six. However, Petitioner's case has been fully briefed. Petitioner's petition raises only three issues, which are straightforward and not complex. In addition to filing a petition, Petitioner was able to file a traverse in which he responded to the Respondent's answer with substantial legal argument and citation of authority.

1       In summary, the Court concludes that in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is denied.

IT IS SO ORDERED.

Dated:    November 26, 2012             /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE